IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVADOR R. BRAVO,

    Petitioner,

vs.                                                                                                     No. 20-cv-666 RB-KK

KENNY MONTOYA and SIXTH JUDICIAL
DISTRICT ATTORNEY'S OFFICE,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Salvador Bravo's *Pro Se* Petition for Writ of Mandamus. (Doc. 1.) The Petition relates to his state convictions for criminal sexual penetration of a child, Case No. D-619-CR-2015-068. Mr. Bravo alleges state prosecutors withheld exculpatory evidence, such as videotaped interviews, and that trial counsel failed to compel disclosure. By an Order entered July 10, 2020 (Doc. 2), the Court explained that the proper vehicle to "challenge to the validity of a [state] conviction or sentence" is a "proceeding under [28 U.S.C.] § 2254." *Naves v. Bigelow*, 565 F. App'x 678, 679 n.1 (10th Cir. 2014) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)). The Court gave Petitioner an opportunity to refile his claims on the proper § 2254 form. Petitioner filed a response indicating that he has not exhausted state remedies and only seeks mandamus relief at this time. (Doc. 3.) Specifically, he wishes to compel the state prosecutor to disclose certain case materials so that he can "support claims [he] plans to raise [in his] habeas corpus proceedings." (Doc. 1 at 3, 10–11.)

Mandamus relief is governed by 28 U.S.C. § 1361. That statute provides: "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer

or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its terms, § 1361 only permits federal courts to compel action by a federal official. "The statute does not allow relief against state officials or state agencies." *Mathieu v. Brown*, 780 F. App'x 665, 666 (10th Cir. 2019); *see also Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 n.2 (10th Cir. 1989) (Section 1361's "jurisdictional grant . . . does not apply to the state defendants"). Accordingly, the Court lacks jurisdiction in this proceeding to compel the state prosecutor to produce evidence. *See United States v. Tinajero-Porras*, 304 F. App'x 754, 757 (10th Cir. 2008) (Federal Courts lack jurisdiction to compel production of documents from a respondent who is "not an officer or employee of the United States" under § 1361).

The Court will dismiss the Petition without prejudice for lack of jurisdiction. If, after exhausting state remedies, Petitioner still wishes to raise claims based on the disclosure issues and/or ineffective assistance by counsel, he may file a 28 U.S.C. § 2254 action in this Court. This ruling makes no determination as to the timeliness of any § 2254 claims.

**IT IS ORDERED** that Salvador Bravo's *Pro Se* Petition for Writ of Mandamus (Doc. 1) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE